IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| S.L. SIBERT MANAGEMENT & CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-1059-D |
| KOCH NITROGEN COMPANY, L.L.C., | ) ) | |
| Defendant. | ) | |

**O R D E R**

Upon review of Defendant's Notice of Removal and the attached Petition filed by Plaintiff in state court, the Court finds insufficient allegations to establish the existence of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).[1] Specifically, there are insufficient factual allegations regarding the citizenship of the corporate plaintiff. *See* 28 U.S.C. § 1332(c)(1). Further, although the Tenth Circuit has not decided the issue, every federal appellate court to consider the question of citizenship of a limited liability company has concluded that such entities should not be treated like a corporation but as a limited partnership or other unincorporated association, which is a citizen of every state of which its owners/members are citizens. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The pleadings contain no allegations concerning the citizenship of Defendant's owners or members.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendant is directed to file an amended notice of removal within five (5) days of this date to cure the deficiency identified in this Order.

IT IS SO ORDERED this  19th  day of October, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE